**Donald E. ARMSTRONG, Appellant,**

v.

**Dr. Melvin D. MORGAN, Appellee.**

**No. 8406.**

Court of Civil Appeals of Texas, Texarkana.

Dec. 21, 1976.

Rehearing Denied Jan. 11, 1977.

Stanley M. Kaufman, Oster & Kaufman, Dallas, for appellant.

David S. Kidder, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

RAY, Justice.,

This is a summary judgment case. Donald E. Armstrong, appellant (plaintiff), filed suit against appellee (defendant), Dr. Melvin D. Morgan, seeking money damages alleged to have resulted from an incorrect diagnosis of appellant's physical condition. Appellee's motion for summary judgment was granted and the trial court entered a take-nothing judgment against appellant. Two points of error have been submitted for our consideration.

Appellant contends that genuine issues of material fact exist and that appellant's cause of action is not barred by limitations.

Appellant Armstrong was employed by Zale Corporation and upon his being promoted to the position of Vice President of Credit he was requested to have a physical examination. He was examined by Dr. Morgan who was employed by Zale to make the examination and report to it the results of the examination. The report indicated that appellant was in very bad physical condition. The statements contained in Dr. Morgan's letter resulted in appellant's losing his job and his position as Vice President of Credit of Zale Corporation, plus the benefits which he had by virtue of his position with the company. Appellant contends that the letter contained false and inaccurate statements and conclusions regarding his health and physical condition and that appellee was negligent in his diagnosis because he did not exercise reasonable attention, observation and skill in conducting the physical examination. Further, appellant contends that the inaccurate and improper diagnosis resulted in damages to him because he lost his job when the report was received by Zale Corporation.

Appellee contends that the holding in *Lotspeich v. Chance Vought Aircraft*, 369 S.W.2d 705 (Tex.Civ.App.Dallas 1963, writ ref'd n. r. e.), controls the disposition to be made in the present case. There the court held that the company doctor owed no duty to the employee to discover that she had tuberculosis when he examined her prior to being employed by the company. Since there was no duty on the company physician or the employer to discover the presence of disease, there could be no actionable negligence in their failure to do so. In *Childs v. Weis*, 440 S.W.2d 104 (Tex.Civ. App.Dallas 1969, no writ), the court decided that the physician-patient relationship is dependent upon contract and in the absence of such contract, the physician owes no duty to treat a person in need of medical assistance. It is undisputed that no contract existed between appellant and Appellee Morgan. However, the court pointed out in *Childs v. Weis*, supra, that it had occasion to discuss the contractual relationship of physician and patient in *Lotspeich v. Chance Vought Aircraft*, supra, and that it had decided in *Lotspeich* "there was no duty on the doctor to do anything except to perform efficiently the work the company had employed him to do." In *Lotspeich* the same court said that the job applicant had no legal right to demand that the doctor exercise any care whatever in conducting the examination, except to avoid injuring her.

This Court had occasion to examine a similar question in *Childs v. Greenville Hospital Authority*, 479 S.W.2d 399 (Tex.Civ. App.Texarkana 1972, writ ref'd n. r. e.), which grew out of the same transaction involved in *Childs v. Weis*, supra. There we quoted the following from Prosser:

"The problem of duty is as broad as the whole law of negligence, and . . . no universal test for it has ever been formulated . . .. It is imbedded far too firmly in our law to be discarded, and no satisfactory substitute for it, by which the defendant's responsibility may be limited, has been devised. But it should be recognized that duty . . . is not sacrosanct in itself but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. . . . No better general statement can be made, than that the

courts will find a duty where, in general, reasonable men would recognize it and agree that it exists." William L. Prosser, Law of Torts, Sec. 53, 3rd Ed. 1964. We held that the nurse on duty in the emergency room had a duty to correctly relay the message she received from the doctor by telephone to the woman seeking admission to the hospital. We said,

"Reasonable men would recognize and agree, so it seems to this court, that Mrs. Beckham's (the nurse) relation to Mrs. Childs was attendant with responsibility, and that a person in the position of Mrs. Beckham had a duty, when all the circumstances are considered, of accurately reporting to Mrs. Childs the message the doctor told her to deliver in connection with the denial of the application for admission. Whether she reported accurately or inaccurately, and whether failure to accurately report constitutes negligence are questions of fact for the jury."

■ In the instant case, Dr. Morgan owed Appellant Armstrong a duty not to injure him physically or otherwise. If Dr. Morgan negligently performed the examination and as a result gave an inaccurate report of the state of appellant's health, and appellant was injured as a proximate result thereof, actionable negligence would be shown. See Annot., 10 A.L.R.3d 1071, 1074. Those questions are fact issues. Since there are genuine issues of material fact to be determined by the trier of facts, we sustain appellant's point of error number one and order the case remanded for trial on its merits.

■ We further conclude that appellant's tort action is not barred by limitations since it was timely filed within the two-year period of time prescribed by Tex.Rev.Civ.Stat. art. 5526.

■ Alternatively, appellant sought damages for libelous statements alleged to have been contained in appellee's letter to Zale Corporation. Appellee contended in the trial court that the one-year statute of limitations, Tex.Rev.Civ.Stat. art. 5524, governed and that more than one year had transpired between the date of the doctor's letter on July 27, 1973, and the bringing of the suit on January 13, 1975. Appellant did not see or receive a copy of the letter until April 20, 1974. We hold that the statute of limitations in a cause of action for libel begins to run from the date that the injured party learns of, or in the exercise of reasonable diligence should have learned of the injury or wrong giving rise to the cause of action. *Kelley v. Rinkle*, 532 S.W.2d 947 (Tex.1976). The circumstances of this case make it more reasonable to apply the "discovery" rule rather than the "publication" rule.

■ Since the summary judgment proof does not show as a matter of law that appellant knew or should have known of the existence of the medical report more than one year before appellant's suit was filed, the trial court's summary judgment for appellee was improper.

Appellant's second point of error is sustained. The judgment of the trial court is reversed and the case remanded for trial upon its merits.