Affirmed, in Part, and Reversed and Remanded, in Part, and Opinion filed
September 23, 2003









Affirmed, in Part, and Reversed and Remanded, in Part,
and Opinion filed September 23, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00783-CV

____________

 

JENNIFER GAYE DUBOSE, Appellant

 

V.

 

WORKER=S MEDICAL, P.A. AND WARREN ROQUET,
M.D., Appellees

 



 

On Appeal from the 85th District Court

Brazos County, Texas

Trial Court Cause No. 54111-85

 



 

O
P I N I O N

Jennifer
Gaye Dubose appeals the summary judgment granted in favor of Worker=s
Medical, P.A. and Warren Roquet, M.D. on her claims
for fraud, negligent misrepresentation, and breach of the duty not to
injure.  We affirm, in part, and reverse
and remand, in part.

                                                           I. 
Background








In October 1998, Dubose saw Roquet, owner of Worker=s Medical, for a skin ailment.  In the fall of 1998, Dubose applied for a job
with American Cyanamid Corporation, which required that she undergo a
pre-employment physical examination. 
Comprehensive Health Services arranged for Dubose=s
examination to be performed by Roquet, the same
physician whom Dubose had previously seen for her skin ailment.  Over a period of two days, Dubose underwent
various medical tests, including a chest x-ray. 
On December 9, 1998, Roquet told Dubose Athe
x-ray was completely normal,@ and she had no health conditions
that would limit her ability to accept employment with American Cyanamid.  Dubose thereafter received a letter from
Comprehensive Health that summarized the results of her physical examination,
but did not indicate there was any abnormality on the chest x-ray.

In
November 1999, Dubose saw an oncologist, Susan Gingrich, complaining of anemia
and fevers at night.  A chest x-ray
revealed an abnormalityCa large left upper lobe mass and
Dubose was diagnosed with Stage IV Hodgkins
Lymphoma.  Gingrich reviewed the chest
x-ray taken in December 1998, and determined the x-ray was Apatently
abnormal.@

Dubose
brought claims against Roquet and Worker=s
Medical for fraud, negligent misrepresentation, and breach of the duty not to
injure.  Characterizing Dubose=s
claims as actually being a cause of action for medical malpractice, Roquet and Worker=s Medical filed a motion for summary
asserting there was no physician-patient relationship between Roquet and Dubose and, therefore, Roquet
only had the duty not to injure Dubose. 
The trial court granted the motion for summary judgment on all of Dubose=s
causes of action against Roquet and Worker=s
Medical.  

                                                 II. 
Standard of Review








To
prevail on a motion for summary judgment, a defendant must establish that no
material fact issue exists and that it is entitled to judgment as a matter of
law.  Rhone‑Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 222 (Tex. 1999).  Once the defendant establishes that no
genuine issue of material fact exists regarding an element of the plaintiff=s
claim, the plaintiff must present competent summary judgment evidence raising a
fact issue on that element.  Guest v.
Cochran, 993 S.W.2d 397, 401 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  In conducting our review of the
summary judgment, we take as true all evidence favorable to the nonmovant, and make all reasonable inferences in the nonmovant=s favor.  KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant, as movant,
is entitled to summary judgment if it either disproves at least one essential
element of each of the plaintiff=s causes of action or establishes
all the elements of an affirmative defense. 
American Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997).  

                                  III. 
Physician-Patient Relationship

Dubose
claims Roquet and Worker=s
Medical did not prove up their right to summary judgment because they failed to
show the absence of a physician-patient relationship or that Roquet did not injure her during the examination.

To
prevail on a claim for medical malpractice, the plaintiff must establish,
through expert testimony, the following elements:  (1) a duty requiring the defendant to conform
to a certain standard of care; (2) the applicable standard of care and its
breach; (3) resulting injury; and (4) a reasonably close causal connection
between the alleged breach of the standard of care and the alleged injury.  Preble v. Young, 999 S.W.2d 153, 155
(Tex. App.CHouston [14th Dist.] 1999, no
pet.).  The duty to treat a patient with
professional care results from the consensual relationship between the patient
and the physician; only when that relationship exists can there be a breach of
a duty resulting in medical malpractice. 
St. John v. Pope, 901 S.W.2d 420, 423 (Tex. 1995).  In the absence of a physician-patient
relationship, the doctor=s only duty to the plaintiff is to
conduct the examination in a manner not to cause harm to the plaintiff.  Dominguez v. Kelly, 786 S.W.2d 749,
751 (Tex. App.CEl Paso 1990, writ denied); Johnston
v. Sibley, 558 S.W.2d 135, 137 (Tex. Civ. App.CTyler
1977, writ ref=d n.r.e.).  The duty owed by the physician to the
plaintiff is a question of law that must be determined before the issue of
standard of care arises.  Pope,
901 S.W.2d at 424. 








Dubose
acknowledges that when a doctor examines a person solely for pre-employment
purposes or workers= compensation and disability
evaluations, the doctor=s only duty is not to injure that
person.[1]  However, Dubose contends the facts at hand
take this case out of the scope of that general rule.  Instead, Dubose argues a physician-patient
relationship with Roquet was established when he
treated her for a skin ailment in October 1998, prior to her pre-employment
examination.  Dubose, however, did not
present this argument in the trial court in her response to the motion for
summary judgment.  

The
nonmovant must present in her written response or
answer any issues that would defeat the motion for summary judgment.  McConnell v. Southside Indep.
Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993).  Any issues not expressly presented to the
trial court in a written response shall not be considered as grounds for
reversal.  Tex. R. Civ.
P. 166a(c); Lewis v. Adams, 979 S.W.2d 831, 835 (Tex. App.CHouston
[14th Dist.] 1998, no pet.).  In
determining what issues were presented, the reviewing court may not rely on the
appellate briefs or summary judgment evidence. 
McConnell, 858 S.W.2d at 341. 
Thus, the failure to present issues to defeat summary judgment in the
trial court waives the issues on appeal. 
Kaye v. Harris County Mun. Util. Dist. N. 9,
866 S.W.2d 791, 794 (Tex. App.CHouston [14th Dist.] 1993, no
writ).  

The
evidence regarding Roquet=s
treatment of Dubose=s skin ailment in October 1998, was
included in Dubose=s summary judgment evidence.  However, Dubose never mentioned in her
response to the motion for summary judgment that Roquet
had previously treated her.  Instead,
Dubose argued that by personally meeting with her and providing her with the
results of the chest x-ray, Roquet acted
affirmatively and undertook a duty to her. 
We conclude Dubose has waived her right to argue on appeal that she had
a physician-patient relationship with Roquet based on
his previous treatment of her in October 1998. 









Dubose
also asserts that a physician-patient relationship was established when Roquet provided her with the results of the examination,
including the chest x-ray.  Other courts
of appeals have suggested that whether the plaintiff is supplied with the
results of an examination is a factor in determining whether a
physician-patient relationship has been established.  See, e.g., Almaguer,
9 S.W.3d at 838 (stating physician-patient relationship arises when patient
requests and is supplied with medical information and further observing
plaintiff neither requested medical treatment nor accepted physician=s
diagnosis, and physician examined plaintiff as request of Department of Labor
in connection with workers= compensation claim); Wilson,
828 S.W.2d at 233 (noting that plaintiff did not select physician, submit
herself to him for medical treatment, and did not request physician to inform
her of findings, but submitted to examination at request of Texas
Rehabilitation Commission for determination of rehabilitative potential); Johnston,
558 S.W.2d at 136B37 (noting that plaintiff did not
employ physician, seek medical advice or treatment, or assert that physician
made any oral representations regarding medical findings, and that physician
was employed and paid by insurance company and made report to insurance company
for purpose of evaluating merits of workers= compensation claim); Lotspeich, 369 S.W.2d at 710 (observing that
physician was employed by company to conduct pre-employment physical exam,
which was solely for benefit of company, and plaintiff did not select physician
to examine her for her benefit or request a report from him).  

Here,
Dubose never asserts that she selected or otherwise asked Roquet
to treat her with regard to the pre-employment examination.  Rather, Dubose=s examination was arranged by
Comprehensive Health on behalf of American Cyanamid solely for employment
purposes.  Roquet
may have been more courteous and shown a better bedside manner than that of
other physicians who conduct physical exams for employment purposes, but we do
not believe this fact alone elevates their relationship to one of physician and
patient.  Instead, the Texas Supreme
Court emphasized that the creation of the physician-patient relationship is
based on consent:








[P]hysicians are not obligated to practice their profession or
render services to everyone who asks.  It
is only with a physician=s consent, whether express or
implied, that the doctor-patient relationship comes into being.  Thus, we agree with those cases that hold
that the duty to treat the patient with proper professional skill flows from
the consensual relationship between the patient and physician, and only when
that relationship exists can there be a breach of a duty resulting in medical
malpractice.  

Pope, 901 S.W.2d at 423.  

Merely
providing Dubose with the results of the medical tests in a pre-employment
medical examination arranged by a third-party on behalf of the employer is not
sufficient to raise a fact issue on the existence of a physician-patient
relationship.  

                                                  IV. 
Duty not to Injure

Dubose
further argues that even if no physician-patient relationship exists, Roquet must establish that he did not harm her.  She complains that appellees=
motion for summary judgment did not include any evidence that Roquet did not harm her and Roquet=s
affidavit did not state that he did not harm her or deny that he told her she
was in good health.  








Dubose
states in her affidavit that Roquet displayed the
x-ray that was taken as part of her physical examination while informing her
that she was in good health.  Dubose also
submitted the affidavit of her oncologist, Susan Gingrich, who, after reviewing
the x-ray, stated the x-ray was patently abnormal, showing an upper lobe peritracheal mass, i.e., a precursor of Dubose=s
cancer.  Dubose argues that in
affirmatively providing false information to her, her chances of survival and
cure were impacted, thereby causing her harm. 
Similar arguments have been previously rejected.  See, e.g., Wilson, 828 S.W.2d at 233
(rejecting argument that physician injured decedent by failure to inform her of
life-threatening hilar mass on lung and further
explaining that where no physician-patient relationship exists, physician Adoes
not violate the duty not to injure an examinee during an examination unless the
doctor takes some affirmative action which produces an injury to the examinee@).  Instead, the duty not to injure is violated
only by an affirmative act of the physician during the examination that causes
injury to the plaintiff.  Ramirez,
10 S.W.3d at 762; Alamaguer, 9 S.W.3d at 838; Wilson,
828 S.W.2d at 233; Johnston, 558 S.W.2d at 136B38.


Dubose
has not asserted that Roquet injured in the course of
the examination.  Therefore, she has not
raised a fact issue on whether Roquet breached the
duty not to harm her during her pre-employment examination.  

 V. 
Dubose=s Claims
for Fraud and Negligent Misrepresentation

Dubose
also complains that appellees=
motion for summary judgment did not address her claims for fraud and negligent
misrepresentation.  A motion for summary
judgment must stand or fall on the grounds presented in the motion.  Science Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 912 (Tex. 1997); McConnell, 858 S.W.2d at 339.  The trial court may not grant summary
judgment as a matter of law on a cause of action not addressed in the summary
judgment proceeding.  Chessher
v. Southwestern Bell. Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 677 (Tex. 1979); Rose
v. Kober Fin. Corp., 874 S.W.2d 358, 362 (Tex.
App.CHouston
[14th Dist.] 1994, no writ).  For the
court to do otherwise is reversible error. 
Mafrige v. Ross, 866 S.W.2d 590,
591 (Tex. 1994), overruled on other grounds by Lehmann
v. Har-Con Corp., 39 S.W.3d 191 (Tex. 2001); Smith
v. Atlantic Richfield Co., 927 S.W.2d 85, 88 (Tex. App.CHouston
[1st Dist.] 1996, writ denied).  








Dubose
recognizes that summary judgment is proper where a defendant has conclusively disproven an element central to all causes of action or an
unaddressed cause of action derivative of the addressed causes of action.  Smith v. Heard, 980 S.W.2d 693, 697B98
(Tex. App.CSan Antonio 1998, pet. denied); see
also Lampasas v. Spring Center, Inc., 988 S.W.2d 428, 435B36
(Tex. App.CHouston [14th Dist.] 1999, no pet.)
(stating that if summary judgment is sufficiently broad, it may be deemed to
cover additional causes of action under appropriate fact situations).  However, she argues that because appellees= summary judgment evidence failed to
disprove the ultimate fact upon which fraud[2]
and negligent misrepresentation[3]
were based, i.e., that Roquet made the
misrepresentation that Dubose was in good health and did not have any health
conditions that would prevent her employment with American Cyanamid, the trial
court erred in granting summary judgment on those claims.  

Appellees, on the other hand, contend their
motion for summary judgment addressed the medical negligence claim Awhile
still contemplating the unaddressed fraud and negligent misrepresentation
claims.@  Appellees maintain
Dubose=s
claims for fraud and negligent misrepresentation are based on her visit to Roquet for her pre-employment examination and Roquet=s alleged negligence and breach of a
duty owed her in failing to read her chest x-ray accurately and thereby
diagnose her cancer.  








In
Ruiz v. Walgreen Co., the plaintiff allegedly sustained injuries after
ingesting medication from a misfilled
prescription.  79 S.W.3d 235, 237 (Tex.
App.CHouston
[14th Dist.] 2002, no pet.).  The
plaintiff and her husband sued the pharmacy for medical negligence, breach of
express and implied warranties, and breach of contract.  The trial court dismissed the plaintiffs=
claims for failing to file an expert report under the Medical Liability and
Insurance Improvement Act (AMLIIA@). 
Id.  On appeal, the
plaintiffs argued the MLIIA did not apply to their claims for breach of
warranties and violations of the Deceptive Trade Practices Act.  Id. at 238.  Rejecting the plaintiffs=
contention, this court found their petition asserted nothing more than Aa
straightforward medical malpractice claim.@ 
Id.  Although we noted that
causes of action for separate, independent torts committed by a medical
professional can be maintained, we concluded that Ruiz Ainvolve[d]
no separate fraudulent act and no separate tort. . . . It derive[d] from the
pharmacists alleged negligent actions that were inextricably related to his
professional duty of dispensing medication.@ 
Id. at 239.  

The
crux of Dubose=s claims against appellees
is Roquet=s failure to correctly read her
chest x-ray, thereby resulting in his failure to detect her cancerCa
medical negligence claim.  Therefore,
because appellees established there was no
physician-patient relationship between Roquet and
Dubose on which to base a claim for medical negligence, summary judgment was
proper on Dubose=s negligent misrepresentation and
fraud claims.  See Lampasas, 988
S.W.2d at 435B36 ; Smith, 980 S.W.2d at 697B98.  

                   VI. 
Dubose=s Claims
Against Worker=s Medical

Dubose
further complains the motion for summary judgment did not articulate any
reasons her claim against Worker=s Medical should be dismissed.  Appellees assert
two arguments on appeal, both based on the fact that Dubose asserted the same
claims against Worker=s Medical as against Roquet, all of which were based on Roquet=s
conduct.  First, because Roquet owed Dubose only the duty not to injure her during
the exam, any derivative claims against Worker=s Medical must also fail as a matter
of law.  Second, as the entity through
which Roquet worked, Worker=s
Medical acted as agent for Roquet and, therefore,
cannot be held liable in the absence of any liability as to Roquet.  








Worker=s
Medical, however, did not present either of these, or any other, grounds to the
trial court entitling it to summary judgment. 
It is well settled that a summary judgment cannot be affirmed on any
ground not specifically presented in the motion for summary judgment.  Travis v. City of Mesquite, 830 S.W.2d
94, 100 (Tex. 1992).  Because Worker=s
Medical failed to present any grounds in the motion for summary judgment, we
cannot now affirm the summary judgment in favor of Worker=s
Medical.  

The
trial court properly granted summary judgment in favor of Roquet;
therefore, we affirm that portion of the judgment.  The trial court, however, erred in granting
summary judgment in favor of Worker=s Medical; therefore, we reverse
that portion of the judgment and remand it to the trial for proceedings
consistent with this opinion.  The
judgment of the trial court is accordingly, affirmed, in part, and reversed and
remanded, in part.  

 

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Opinion filed
September 23, 2003.

Panel consists of Justices Yates,
Hudson, and Edelman.











[1]   See, e.g.,
Ramirez v. Carreras, 10 S.W.3d 757, 761B62 (Tex.
App.CCorpus Christi 2000, pet. denied); Almaguer
v. Jenkins, 9 S.W.3d 835, 837 (Tex. App.CSan
Antonio 1999, no pet.); Wilson v. Winsett, 828
S.W.2d 231, 232 (Tex. App.CAmarillo 1992, writ denied); Dominguez, 786
S.W.2d at 750B51; Johnston, 558 S.W.2d at 137B38; Armstrong v. Morgan, 545 S.W.2d 45, 46
(Tex. Civ. App.CTexarkana
1977, no writ); Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705, 710 (Tex. Civ. App.CDallas 1963, writ ref=d n.r.e.).  





[2]  The elements
of common‑law fraud are:  (1) a
material representation was made; (2) the representation was false; (3) when
the representation was made, the speaker knew it was false or made it
recklessly without any knowledge of the truth and as a positive assertion; (4)
the representation was made with the intention that it be acted upon by the
other party; (5) the party acted in reliance upon the representation; and (6)
the party suffered injury.  Johnson
& Higgins of Tex., Inc. v. Kenneco Energy, Inc.,
962 S.W.2d 507, 524 (Tex. 1998).  





[3]  The elements
of a cause of action for negligent misrepresentation are:  (1) the representation is made by a defendant
in the course of his business, or in a transaction in which he has a pecuniary
interest; (2) the defendant supplies Afalse
information@ for the guidance of others in their business; (3) the
defendant did not exercise reasonable care or competence in obtaining or
communicating the information; and (4) the plaintiff suffers pecuniary loss by
justifiably relying on the representation. 
Federal Land Bank v. Sloane, 825 S.W.2d 439, 442 (Tex.
1991).