John F. BURRUSS, Appellant

v.

CITIBANK (SOUTH DAKOTA), N.A., Appellee.

No. 05–10–01376–CV.

Court of Appeals of Texas, Dallas.

July 31, 2012.

John F. Burruss, Plano, TX, pro se.

Allen L. Adkins, Lindsay B. Nickle, Allen L. Adkins & Associates, P.C., Lubbock, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

Appellant John F. Burruss, appearing pro se, appeals from a summary judgment in favor of appellee Citibank (South Dakota), N.A. In five issues, Burruss argues that Citibank was not entitled to summary judgment because: (1) Citibank created a fact issue when the interest rates specified in its account agreements contradicted the interest rates actually charged on his account statements; (2) Citibank failed to offer evidence that the alleged agreements in the summary judgment evidence were actually offered to Burruss; (3) Citibank's credit card account with Burruss does not fall within the common law scope of a suit on an account; (4) Citibank's judgment based on an implied contractual relationship was precluded when it alleged an express contractual relationship between the parties; and (5) Burruss, as a party to an express contract, was entitled to rely

upon the terms of the contract as to the interest and fees he contracted to pay, rather than those provided on the account statements. We affirm.

## BACKGROUND

Citibank sued Burruss to collect the balance due on a credit card account, totaling $3,719.58 at the time suit was filed. Citibank asserted claims for breach of contract and account stated. After Burruss answered, Citibank filed a motion for summary judgment, supported by the affidavit of Abby Motley, a recovery operations support representative for Citibank, and evidence attached to Motley's affidavit. Citibank sought summary judgment on two alternative claims: breach of contract and account stated. In response Burruss filed a "motion for dismissal of summary judgment." The trial court granted summary judgment in favor of Citibank but did not specify the basis for its ruling. Burruss appeals from the summary judgment.

## APPLICABLE LAW

A party that moves for traditional summary judgment has the burden of proving that it is entitled to judgment as a matter of law on the grounds expressly set out in its motion. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). A nonmovant need not answer or respond to a motion for summary judgment to contend on appeal that the grounds expressly presented by the movant's motion are insufficient as a matter of law to support summary judgment; however, the nonmovant may not raise on appeal any other issues as grounds for reversal. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979). In other words, except to attack the legal sufficiency of the movant's grounds for summary judgment, the nonmovant must expressly present to the trial

court, in a written answer or response to the motion, any reason for avoiding the movant's entitlement to summary judgment. TEX.R. CIV. P. 166a(c); *see also D.R. Horton–Tex., Ltd. v. Markel Int'l Ins. Co., Ltd.,* 300 S.W.3d 740, 743 (Tex.2009) (nonmovant "must present its objections to a summary judgment motion expressly by written answer or other written response to the motion in the trial court or that objection is waived"). In order to "expressly present" the nonmovant's reasons for avoiding summary judgment, the written answer or response to the motion for summary judgment must fairly apprise the movant and the trial court of the issues the nonmovant contends should defeat the motion for summary judgment. *See Tello v. Bank One, N.A.,* 218 S.W.3d 109, 119 (Tex. App.-Houston [14th Dist.] 2007, no pet.) (citing TEX.R. CIV. P. 166a(c)).

## ANALYSIS

▮▮▮ Burruss's first two issues relate to Citibank's claim for breach of contract. In his first issue Burruss argues that a fact issue precluded summary judgment on its breach of contract claim. More specifically, Burruss complains that "the interest rates specified in [Citibank's] account agreements contradicted the interest rates actually charged on its account statements." Burruss's argument in support of his first issue appears to be as follows:

When summary judgment evidence raises contradicting inferences, the resulting fact issue precludes summary judgment. [citation omitted] Comparing the contents of the monthly statements contained in Citibank's summary judgment evidence, Exhibit A–1, with the contracts contained in the evidence, Exhibits A–2 through A–9, reveals contradictions within the evidence that preclude summary judgment for Citibank.

Although the record contains monthly statements attached as compendium exhibit A–1 to Motley's affidavit, and a list of terms attached as Exhibit A–2 to Motley's affidavit, the record does not contain, nor does Motley's affidavit reference, any exhibits identified as A–3 through A–9. We will not address arguments made based on evidence not in the record. Moreover, Burruss does not identify or provide any analysis concerning any particular "contradiction within the evidence" that is in our record. As a result, Burruss's first issue is inadequately briefed. *See* TEX.R.APP. P. 38.1(i). We resolve Burruss's first issue against him.

■ In his second issue Burruss argues that Citibank failed to meet its burden of proof on its breach of contract claim because "it failed to offer evidence that the alleged agreements in the summary judgment evidence were actually offered to Mr. Burruss." In support of his second issue, Burruss cites repeatedly to exhibits that are not in the record and attributes a quote to Motley that is not contained in her affidavit. In addition, all of Burruss's citations to the clerk's record are inaccurate. We conclude that Burruss's second issue is inadequately briefed. *See* TEX. R.APP. P. 38.1(i). We resolve Burruss's second issue against him.

■ Burruss's last three issues relate to Citibank's claim for account stated. In Burruss's third issue he argues that Citibank's credit card account with Burruss does not fall within the common law scope of a suit on an account. We do not address this issue, however, because even if we resolved it in Burruss's favor our decision would not change the outcome of this appeal. More specifically, Citibank moved for summary judgment on alternative grounds—breach of contract and account stated—and the trial court did not specify on which ground

summary judgment was granted. "In order for a non-movant to obtain reversal of a summary judgment that does not specify the grounds on which it is based, the non-movant must show that each independent ground alleged in the motion was insufficient to support the judgment." *Granada Biosciences, Inc. v. Barrett*, 958 S.W.2d 215, 224 (Tex.App.-Amarillo 1997, pet. denied). Here Burruss has not shown that Citibank's breach of contract ground was insufficient to support the summary judgment because Burruss's two issues challenging that ground were not adequately briefed. As a result, Burruss cannot obtain reversal of the summary judgment in Citibank's favor. *See id.; see also Heinen v. Citibank (South Dakota), N.A.*, No. 05–10–00003–CV, 2012 WL 12749, at *4 (Tex.App.-Dallas Jan. 4, 2012, no pet.) (mem. op.) (affirming summary judgment on Citibank's breach of contract claim and declining to address whether summary judgment was also appropriate under Citibank's alternative account stated claim); *Voice of the Cornerstone Church Corp. v. Pizza Prop. Partners*, 160 S.W.3d 657, 671 (Tex.App.-Austin 2005, no pet.) (affirming summary judgment against appellant that did not "successfully attack every possible ground upon which the district court could have based its summary judgment"). We resolve Burruss's third issue against him.

In Burruss's fourth issue he argues that Citibank's judgment based on an implied contractual relationship was precluded when it alleged an express contractual relationship between the parties. The judgment, however, does not indicate that it was based on an implied contractual relationship. We resolve Burruss's fourth issue against him.

In Burruss's fifth issue he argues that as a party to an express contract, he was

entitled to rely upon the terms of the contract as to the interest and fees he contracted to pay, rather than those provided on the account statements. In other words, he argues that the existence of an express contract "negates an essential element of Citibank's account stated claim for interest and fees." We do not address this issue because, as explained above, even if we resolved it in Burruss's favor our decision would not change the outcome of this appeal. *See Heinen,* 2012 WL 12749, at *4. We resolve Burruss's fifth issue against him.

## CONCLUSION

We resolve Burruss's issues against him and affirm the trial court's summary judgment.