**Opinion issued August 13, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00725-CV

———————————

**NORMIE BROWN AND DERRICK BROWN, Appellants**

**V.**

**BANK OF AMERICA, N.A., U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO LASALLE BANK, N.A., AS TRUSTEE FOR MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-1, AND NATIONSTAR MORTGAGE LLC, Appellees**

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-52210**

## MEMORANDUM OPINION

Appellants, Normie and Derrick Brown, challenge the trial court's rendition

of summary judgment in favor of appellees, Bank of America, N.A. ("Bank of

America"), U.S. Bank National Association, as successor trustee to Bank of America as successor by merger to LaSalle Bank, N.A., as trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1 ("U.S. Bank"),[1] and Nationstar Mortgage LLC ("Nationstar"), in the Browns' suit against appellees for wrongful foreclosure, common-law fraud, breach of contract, and declaratory judgment. In eleven issues, the Browns contend that the trial court erred in granting Bank of America, U.S. Bank, and Nationstar summary judgment.

We affirm.

## Background

In their second amended petition, the Browns alleged that in January 2007, they purchased a home located at 19807 Fairgrange Place Lane, Katy, Texas (the "property") for $134,669. And First Franklin Financial Corporation ("First Franklin"), operating as a subsidiary to Merrill Lynch Bank and Trust Company, FSB, financed the Browns' purchase of the property. "In 2010, the [Browns] fell behind on their mortgage payments" and contacted First Franklin.

---

[1] The Browns sued "U.S. Bank, N.A." However, opposing pleadings and the trial court's summary-judgment order identify U.S. Bank as "U.S. Bank National Association, as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank, N.A., as trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1, incorrectly named as U.S. Bank, N.A." Our style of the case is in accord with the trial court's summary-judgment order. *See Strobel v. Marlow*, 341 S.W.3d 470, 471 n.1 (Tex. App.—Dallas 2011, no pet.).

On September 2, 2010, the Browns received, from the Balcom Law Firm, P.C., "a NOTICE OF REPRESENTATION FOR COLLECTION letter . . . stating that [they] were in default and owed $163,896.71." Subsequently, on October 5, 2010, they received a letter from First Franklin informing them that it would foreclose on the property. The Browns "immediately" called First Franklin and Bank of America, the successor by merger to First Franklin, to inquire about the foreclosure letter. On October 15, 2010, the Browns received a call from a Bank of America representative, who stated that they "could get assistance bringing the[ir] account current with a payment of $11,000.00." The Browns, however, "explained to the representative that . . . they were experiencing financial hardship." From the end of October 2010 through November 29, 2010, the Browns received, from Beltway Realty, several letters "taped" to the front door of the property and several emails offering them "relocation assistance." According to the Browns, this is when they first "realized that the [property] had been foreclosed."

In May 2013, the Browns hired an attorney "to assist them with getting information on [the] status of the foreclosure." And Bank of America subsequently informed them "that the property ha[d] . . . been transferred to Nationstar," "the new loan servicer." Nationstar claimed that "the property was part of their real estate" and was "for sale," and it told the Browns to "contact

3

Beltway Realty." Beltway Realty confirmed that the property "was in the process of being sold and [was] listed for an online auction . . . with the start date of September 9th." On August 30, 2013, Bank of America and U.S. Bank served the Browns with an "eviction suit," in which the trial court subsequently entered judgment in favor of the banks.

The Browns brought claims against Bank of America, U.S. Bank, and Nationstar for wrongful foreclosure, common-law fraud, and breach of contract. They also sought a judgment declaring "[t]hat the agreement between [them] and . . . First Franklin . . . conveyed no interest or security to U.S. Bank . . . and Bank of America . . . giving them the right to foreclose . . . on the property," "thereby making the foreclosure null and void," and clarifying "the rights, status or legal relations existing between the parties involved." Further, the Browns sought to have Bank of America, U.S. Bank, and Nationstar "temporarily" and "permanently enjoined . . . from selling the property" and "prohibited from evicting [the Browns] from [the property]."

Bank of America and U.S. Bank filed a combined no-evidence and matter-of-law summary-judgment motion, arguing that the Browns' wrongful-foreclosure claim failed because the property was not sold for "a grossly inadequate . . . price" and "a causal nexus between the[] perceived 'defect' in the [foreclosure] sale and a grossly inadequate sales price" did not exist; the Browns maintained possession of

4

the property; the Browns had no statutory "private right of action" under the "Making Homes Affordable Program," the "Home Affordable Modification Program," or the "Home Affordable Foreclosure Programs"; and they provided "[a]ll [r]equired [n]otices" to the Browns "[p]rior to the [f]oreclosure." Bank of America and U.S. Bank also argued that the Browns' claims for breach of contract and fraud failed because "a party to a contract who is himself in default cannot maintain a suit for its breach"; the economic loss doctrine barred their fraud claim; the Browns could not show that "a material misrepresentation" had been made to them or that they had "relied on [an] alleged misrepresentation" and suffered injury; and there was "no evidence of any duty . . . owed" to the Browns. Further, Bank of America and U.S. Bank argued that the Browns were not entitled to declaratory or injunctive relief "because they c[a]me to court with unclean hands" and "ha[d] no claim which [could] survive[] summary judgment."

Nationstar also filed a combined no-evidence and matter-of-law summary-judgment motion, asserting that the Browns had "failed to articulate, explain, plead or otherwise set forth any actual claim or cause of action against Nationstar." It further asserted that the Browns "d[id] not set forth facts *anywhere* in their Amended Petition alleging misconduct or harm caused by Nationstar," had no evidence of any of their claims, and had admitted that Nationstar had "nothing to do with" the alleged "wrongful foreclosure proceedings." And Nationstar argued

5

that because the Browns had no claim against it, "and no claim against any party which [could] survive[] summary judgment, they [were] not entitled to [declaratory and] injunctive relief."

The Browns did not file a response to either summary-judgment motion. After a hearing, the trial court granted Bank of America and U.S. Bank's no-evidence and matter-of-law summary-judgment motion and Nationstar's no-evidence summary-judgment motion. And the trial court ordered that the Browns take nothing on their claims against Bank of America, U.S. Bank, and Nationstar.

## Scope of Review

As an initial matter, we must consider whether to address the Browns' sixth and seventh issues, raised by them in their amended appellants' brief, which they filed without leave from this Court on January 9, 2015.

On November 10, 2014, the Browns timely filed their original appellants' brief with this Court. *See* TEX. R. APP. P. 38.6(a) (governing appellant brief filing deadline). On January 9, 2015, the same date that Bank of America, U.S. Bank, and Nationstar filed their appellees' briefs, the Browns filed their amended appellants' brief. *See* TEX. R. APP. P. 38.7 (addressing amended and supplemental briefs); *see also* TEX. R. APP. P. 38.6(b), (d) (governing appellee brief filing deadline and allowing motion for extension of time). Subsequently, on January 30, 2015, the Browns, in a "Notice of Decision Not to File Reply Brief," stated that

6

they, in their amended brief, sought to "resolve[] any issues that may perhaps have resulted in a violation of noncompliance" with Texas Rule of Appellate Procedure 38.1.

As a general rule, "a party must seek leave of court to file an amended or supplemental brief, and the appellate court has some discretion in deciding whether to allow the filing." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998); *Polan v. Willerson*, No. 01-07-00198-CV, 2008 WL 660334, at *5 (Tex. App.—Houston [1st Dist.] Mar. 13, 2008, pet. denied) (mem. op.) ("An appellate challenge must normally be raised in the appellant's opening brief—unless . . . the appellant moves for and is granted leave to amend its brief."); *see also* TEX. R. APP. P. 38.7.

Here, it is undisputed that the Browns did not seek leave to file their amended appellants' brief with the Court. However, their "amended" brief is substantially the same as their original appellants' brief, except for the addition of issues six and seven to the amended brief's "Issues Presented" section.[2] In issue six of their amended brief, the Browns assert:

> Defendants filed exhibits of modifications that were not in Bank of America, US Bank or Nationstar's name to Plaintiffs. Nor did they file any signed documents of transfer to Bank of America, US Bank or Nationstar for the deed of trust and/or mortgage loan but have updated

---

[2] In their amended brief, the Browns also added a paragraph to the "Conclusion" section and made changes to the "Table of Authorities."

my credit report to reflect as though Plaintiffs have an active account with both parties.

In issue seven, they assert:

> Nationstar didn't purchase loan servicing rights until 3 years after the foreclosure but was able to sell the property as a recent foreclosure as well as updating the Plaintiff's credit as so a recent foreclosure took place. Damaging Plaintiff's credit more.

As this Court has previously explained, we will not consider "new, substantive challenges" that are "belatedly assert[ed]," when a party "has not moved this Court to permit amendment of his opening brief's issues" and "has not explained why justice requires us to consider [such] issues." *See, e.g.*, *Murphy v. Am. Rice, Inc.*, No. 01-03-01357-CV, 2007 WL 766016, at *6 (Tex. App.—Houston [1st Dist.] Mar. 9, 2007, no pet.) (mem. op.); *see also* TEX. R. APP. P. 38.7 ("A brief may be amended or supplemented whenever justice requires, on whatever reasonable terms the court may prescribe."); *Howeth Invs., Inc. v. City of Hedwig Vill.*, 259 S.W.3d 877, 891 n.14 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (not considering issue where "[t]he Howeth parties [did] not move[] to permit amendment of their opening brief's issues, nor [did] they explain[] why justice requires us to consider this particular issue").

Because the Browns did not raise issues six and seven in their original appellants' brief and did not seek, and were not granted, leave to amend their brief, we will not consider these issues on appeal. *See Standard Fruit*, 985 S.W.2d at 65

(holding appellate court "did not abuse its discretion in declining to consider . . . new point of error," where party did not seek leave to file supplemental briefing); *State v. Buckner Constr. Co.*, 704 S.W.2d 837, 848 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (declining to address "five additional points of error" raised in supplemental briefing, which court did not grant leave to add).

### Standard of Review

We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating*, 164 S.W.3d at 661; *Provident Life & Accident Ins.*, 128 S.W.3d at 215. If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the asserted grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

A party seeking summary judgment may combine in a single motion a request for summary judgment under the no-evidence standard with a request for summary judgment as a matter of law. *Binur v. Jacobo*, 135 S.W.3d 646, 650–51

9

(Tex. 2004). When a party has sought summary judgment on both grounds and the trial court's order does not specify its reasons for granting summary judgment, we first review the propriety of the summary judgment under the no-evidence standard. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* TEX. R. CIV. P. 166a(i). If we conclude that the trial court did not err in granting summary judgment under the no-evidence standard, we need not reach the issue of whether the trial court erred in granting summary judgment as a matter of law. *See Ford Motor Co.*, 135 S.W.3d at 600.

To prevail on a no-evidence summary-judgment motion, the movant must establish that there is no evidence to support an essential element of the non-movant's claim on which the non-movant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the non-movant to present evidence raising a genuine issue of material fact as to each of the elements challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

In a matter-of-law summary-judgment motion, the movant has the burden to show that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant

moving for summary judgment as a matter of law must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). The motion must state the specific grounds relied upon for summary judgment. TEX. R. CIV. P. 166a(c).

### Summary Judgment

In their nine remaining issues, the Browns argue that the trial court erred in granting Bank of America, U.S. Bank, and Nationstar summary judgment because "[d]efendants [did not] ha[ve] [s]tanding to [f]oreclose on [the] property"; "[d]efendants [failed to] prove[] . . . there was a complete absence of evidence"; an "adequate time for discovery had [not] passed"; the Browns were "[e]ntitled to [a] [d]eclaratory [j]udgment"; the "Declaration in Support of Motion for Summary Judgment by Nicole Bensend" was not a "valid" exhibit; "[d]efendants . . . misrepresented themselves [w]hen they (allegedly) [f]oreclosed on [the] property"; "[d]efendants [did not] compl[y] with the [n]otice [p]rovisions of the Deed of Trust and Texas [l]aw"; "[d]efendants [w]rongful[ly] foreclos[ed]" on the property; and "[d]efendants [committed] common law fraud and breach of contract."[3]

---

[3] Throughout their brief, the Browns raise issues in several different places, including in the "Issues Presented," "Summary of the Argument," and "Argument" sections. Some of the Browns' issues are repeated throughout their

11

However, the Browns admit in their brief, and the record shows, that they did not file a written response in the trial court to either Bank of America and U.S. Bank's summary-judgment motion or Nationstar's summary-judgment motion. Absent a timely response, a trial court must grant a no-evidence motion for summary judgment that meets the requirements of Texas Rule of Civil Procedure 166a(i). *See* TEX. R. CIV. P. 166a(i); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 343 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Michael v. Dyke*, 41 S.W.3d 746, 751 (Tex. App.—Corpus Christi 2001, no pet.) ("Failure to respond to a no-evidence motion is fatal."); *see also Mack Trucks*, 206 S.W.3d at 582 (explaining when movant files no-evidence summary-judgment motion, burden shifts to non-movant to defeat motion by presenting evidence raising issues of material fact regarding elements challenged by motion). In other words, if a non-movant wishes to assert that, based on the evidence in the record, a fact issue exists to defeat a no-evidence motion for summary judgment, the non-movant must timely file a response to the motion raising this issue before the trial court. *Imkie*, 326 S.W.3d at 343; *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Further, as a prerequisite to presenting a complaint for appellate review, the record must show that a complaint was made to the trial court by a timely request,

brief, and some only appear once. In order to ensure completeness, we have listed every "issue" that the Browns have noted in their brief.

12

objection, or motion. TEX. R. APP. P. 33.1(a). In the context of summary judgments, non-movants must expressly present in their written response or answer to a summary-judgment motion any issues that would defeat the movants' entitlement to summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341, 343 (Tex. 1993); *Dubose v. Worker's Med., P.A.*, 117 S.W.3d 916, 920 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Frazer v. Tex. Farm Bureau Mut. Ins. Co.*, 4 S.W.3d 819, 824–25 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also City of Hous. v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). To "expressly" present issues, the written answer or response to the summary-judgment motion must fairly apprise the movants and the trial court of the issues the non-movants contend should defeat summary judgment. *Burruss v. Citibank (S.D.), N.A.*, 392 S.W.3d 759, 761 (Tex. App.—Dallas 2012, pet. denied); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 118–20 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Any issues, except legal sufficiency, not expressly presented by the non-movants to the trial court in a written response may not be considered as grounds for reversal on appeal. *See Clear Creek Basin*, 589 S.W.2d at 678; *Dubose*, 117 S.W.3d at 920; *Frazer*, 4 S.W.3d at 825; *see also* TEX. R. APP. P. 33.1(a); *Landers*, 257 S.W.3d at 746 n.8 ("[E]ven in the absence of a timely-filed response, a party may still challenge for the first time on appeal the legal sufficiency of a no-

13

evidence motion for summary judgment."). The failure to present an issue to defeat summary judgment in the trial court waives the issue on appeal. *D.R. Horton–Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009); *Dubose*, 117 S.W.3d at 920; *Kaye v. Harris Cnty. Mun. Util. Dist. No. 9*, 866 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1993, no writ).

After Bank of America, U.S. Bank, and Nationstar filed their summary-judgment motions, the Browns, without leave from the trial court, did file their second amended petition, three days before the trial court's summary-judgment hearing. It is well established, however, that "[t]he mere filing of an amended petition after a motion for summary judgment is filed does not constitute a response to the motion." *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 323 (Tex. App.—Houston [1st Dist.] 1995, no writ); *see also Clear Creek Basin*, 589 S.W.2d at 678 ("The new rule requires that contentions be expressly presented in a written motion or in a written answer or response to the motion, and pleadings are not to be considered . . . ."); *Baker v. John Peter Smith Hosp., Inc.*, 803 S.W.2d 454, 457 (Tex. App.—Fort Worth 1991, writ denied) ("It is not a sufficient response to a motion for summary judgment to file an amended petition after the motion for summary judgment has been filed."); *Hitchcock v. Garvin*, 738 S.W.2d 34, 36 (Tex. App.—Dallas 1987, no writ) ("It is clear that pleadings filed after a summary judgment motion is filed do not constitute a response to the

14

motion for summary judgment."); *see also Meineke Disc. Muffler Shops, Inc. v. Coldwell Banker Prop. Mgmt. Co.*, 635 S.W.2d 135, 137 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.) ("Although Meineke filed its first amended answer subsequent to the filing of the motion for summary judgment, the amended answer does not constitute a response to the motion for summary judgment.").

Because the Browns did not file a written response or answer to Bank of America and U.S. Bank's no-evidence summary-judgment motion or Nationstar's no-evidence summary-judgment motion, we hold that the Browns have waived their nine issues.

Further, to the extent that any issue in the Browns' brief could possibly be construed as a legal-sufficiency challenge, we hold that it is inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing "long-standing rule" that inadequate briefing waives issue on appeal); *Hamilton v. Farmers Tex. Cnty. Mut. Ins. Co.*, 328 S.W.3d 664, 667–68 (Tex. App.—Dallas 2010, no pet.) (concluding pro se litigant's issue inadequately briefed where argument did not "provide proper, meaningful analysis in support of his contentions"); *Howeth Invs.*, 259 S.W.3d at 902 (declining to

reach, for lack of adequate briefing, issue which lacked citation to authority and sufficient legal analysis).

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Brown.