**AFFIRM; and Opinion Filed October 18, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00359-CV

### LEE PURSER, Appellant
### V.
### BRENT L. CORALLI, JET TEXT, LLC, AND CORALLI, INC., Appellees

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-05082-2013**

## MEMORANDUM OPINION

Before Justices Fillmore, Brown, and O'Neill[1]
Opinion by Justice Brown

Appellant Lee Purser sued appellees Brent L. Coralli, Jet Text, LLC and Coralli, Inc. for claims arising out of Purser's purported investment in a Peruvian gaming operation. The trial court granted summary judgment in favor of appellees based on the statute of limitations. In a single issue, Purser asserts the trial court erred in doing so because he raised a genuine issue of material fact on his fraudulent concealment defense. For the following reasons, we affirm the trial court's judgment.

In late 2007, Brent Coralli approached Purser with an opportunity to invest in Corporacion Galena ("Galena"), a Peruvian business entity whose purpose was to obtain a license to operate a mobile lottery in Peru. Galena was to be owned, in part, by Silverstrings

---

[1] The Hon. Michael J. O'Neill, Justice, Assigned.

Investments, NV. Coralli instructed Purser his investment would be funded through Jet Tex, an entity owned and controlled by Coralli. In December 2007 and January 2008, Purser paid Jet Text a total of $200,000 to invest in Galena. Purser did not receive any confirmation or documents evidencing his ownership in Jet Text, Silverstrings, or any other entity. In fact, after he paid Jet Text, he heard nothing further from appellees. In January 2009, an affiliate of Galena issued a press release publically announcing Galena had been awarded the lottery license.

Over four years later, in December 2013, Purser filed this suit. In his petition, Purser alleged the money he paid Jet Text never reached Galena, but instead was used to fund fiscal shortages in other entities owned and controlled by Coralli. Without alleging any specific causes of action, Purser sought to recover his investment and other "appropriate damages."

Appellees answered and pleaded the statute of limitations as an affirmative defense. Almost a year later, appellees filed a traditional motion for summary judgment asserting Purser's claims were barred by the statute of limitations as a matter of law. To support their motion, appellees relied on the allegations in Purser's pleadings that (1) he paid Jet Text the funds in 2007 and 2008, (2) a January 2009 press release announced Galena was awarded the license, and (3) Purser never heard from appellees again. According to appellees, Purser's pleadings themselves established the very latest any claim asserted could have accrued was January 2009. Because Purser filed suit more than four years later, appellees asserted all of his claims were barred by the statute of limitations.

Purser responded to appellees' motion with a combined "Opposition to Motion for Summary Judgment and Rule 166a(g) Request to Continue to Permit Deposition of Defendant." Specifically, Purser requested a continuance to permit him to depose Brent Coralli. The only reference Purser's response made to the statute of limitations was his contention that the accrual date appellees were relying on was irrelevant because, after the conflict arose, appellees

–2–

represented to him he was still an investor in the entities. Nevertheless, appellees would not provide him with information he would be entitled to receive if he was an owner. Purser sought to depose Coralli to determine whether or not appellees considered him to be an owner of the entities. Purser asserted that as long as appellees "continue to engage in fraudulent concealment, there [was] no 'accrual date' that impacts this case." Purser concluded his response asserting the trial court's "consideration of the motion should be continued pending a deposition of [] Coralli."

Appellees' filed a written reply asserting Purser was not entitled to a continuance because the case had been pending for eleven months and he had not conducted any discovery. Appellees requested the trial court grant their motion for summary judgment because Purser had not responded to or challenged the merits of the motion.

In a single issue, Purser asserts the trial court erred in granting appellees' motion for summary judgment because he raised a fact issue on his fraudulent concealment defense. A party that moves for traditional summary judgment has the burden of proving that it is entitled to judgment as a matter of law on the grounds expressly set out in its motion. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co*., 690 S.W.2d 546, 548 (Tex. 1985). If a movant meets that burden, the non-movant must expressly present to the trial court, in a written response, any issue that defeats the movant's entitlement to summary judgment. TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671, 678 (Tex. 1979). If the non-movant seeks to avoid summary judgment based on an affirmative defense, it must expressly raise the defense in a written response and present summary judgment evidence sufficient to raise a genuine issue of material fact on each element of the defense. *Cove Investments, Inc. v. Manges*, 602 S.W.2d 512, 514 (Tex. 1980). If the non-movant fails to do so, the non-movant may not rely on the affirmative defense as grounds for reversal on appeal. *See* TEX. R. CIV. P. 166a(c). To "expressly" present an issue, the written response must fairly apprise the movant and the trial

court of the issue the non-movant contends should defeat summary judgment. *Burruss v. Citibank (S.D.), N.A.*, 392 S.W.3d 759, 761 (Tex. App.—Dallas 2012, pet. denied).

Fraudulent concealment is an affirmative defense to the statute of limitations. *Weaver v. Witt*, 561 S.W.2d 792, 793 (Tex. 1977) (plaintiff bears burden of pleading and proving fraudulent concealment as defense to limitations challenge); *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 841 (Tex. App.—Dallas 2008, no pet.). Therefore, fraudulent concealment must be pleaded under Rule 94. *See* TEX. R. CIV. P. 94. Further, to rely on fraudulent concealment to defeat summary judgment, the plaintiff has the burden to expressly raise fraudulent concealment and present sufficient evidence to raise a fact issue on each element of the defense. See TEX. R. CIV. P. 94; *Compass Bank v. MFP Fin. Services, Inc.*, 152 S.W.3d 844, 851 (Tex. App.—Dallas 2005, pet. denied) (affirmative defense not pleaded is waived unless tried by consent).

On appeal, Purser does not dispute appellees met their initial summary judgment burden to conclusively establish his claims were barred by limitations. *See Pustejovsky v. Rapid-Am. Corp.,* 35 S.W.3d 643, 646 (Tex. 2000) (defendant is entitled to summary judgment if it conclusively establishes suit barred by limitations). Instead, he asserts the trial court erred in granting summary judgment because his response raised fraudulent concealment as a defense to the statute of limitations and because he presented sufficient evidence to raise a fact issue on each element of the defense. We disagree.

Purser did not assert fraudulent concealment in any of his pleadings. Although he used the phrase "fraudulent concealment" in his summary judgment response, he did not assert it was an affirmative defense to the statute of limitations. Nor did he assert the trial court should deny appellees' motion because he raised a genuine issue of material fact on each element of fraudulent concealment. Instead, it appears from our review of Purser's response, he was relying

–4–

on fraudulent concealment to support his request for a continuance under rule 166a(g). *See* TEX. R. CIV. P. 166a(g) (trial court may grant a continuance to permit depositions to be taken if non-movant shows he cannot otherwise present facts essential to oppose the motion). We conclude Purser's response was insufficient to fairly apprise the trial court or appellees he was relying on fraudulent concealment and evidence of fraudulent concealment as a basis to defeat summary judgment. *See Clear Creek Basin Authority*, 589 S.W.2d at 678 ("the non-movant must expressly present to the trial court any reasons seeking to avoid movant's entitlement . . . ."); *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).

Moreover, because Purser did not plead fraudulent concealment, he was not only required to properly raise it in the summary judgment proceedings, he must show it was tried by consent. Trial by consent is intended to cover the exceptional case where it clearly appears from the record as a whole that the parties actually tried the unpled issue. *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 695 (Tex. App.—Dallas 2008, no pet.). In the summary judgment context, an affirmative defense is tried by consent if the non-movant expressly raises the defense in its response and the movant responds to the defense on the merits without objecting. *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006); *John C. Flood of DC, Inc. v. SuperMedia*, L.L.C., 408 S.W.3d 645, 655 (Tex. App.—Dallas 2013, pet. denied). In such circumstances, the unpled affirmative defense is placed "squarely before the trial court." *See Via Net*, 211 S.W.3d at 313.

Here, Purser's reference to fraudulent concealment in his summary judgment response was, at best, unclear. In their written reply, appellees asserted they were entitled to summary judgment because Purser had not responded to the merits of the motion, but only requested an unwarranted continuance. Appellees' reply clearly reflects they did not construe Purser's motion as raising limitations at all, much less any unpleaded affirmative defense. We conclude the

record, as a whole, does not show the parties actually tried fraudulent concealment.  Therefore, Purser cannot rely on the defense as grounds for reversal.  *Rivera*, 262 S.W.3d at 841 (fraudulent concealment waived if not pleaded).   We resolve Purser's sole issue against him and affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

150359F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEE PURSER, Appellant

No. 05-15-00359-CV     V.

BRENT L. CORALLI, JET TEXT, LLC,
AND CORALLI, INC., Appellees

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-05082-2013.
Opinion delivered by Justice Brown. Justices
Fillmore and O'Neill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee BRENT L. CORALLI, JET TEXT, LLC, AND
CORALLI, INC. recover their costs of this appeal from appellant LEE PURSER.

Judgment entered this 18th day of October, 2016.