Opinion issued February 11, 2016



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00223-CV

_____

**KELLY GAVIN, Appellant**

**V.**

**PAMELA S. FROESCHNER AND ROBERT S. EVANS, Appellees**

---

On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Case No. 13-CV-0240

---

## MEMORANDUM OPINION

Kelly Gavin appeals the trial court's rendition of summary judgment in favor of Pamela S. Froeschner and Robert S. Evans. Froeschner and Evans were volunteers of the AIDS Coalition of Coastal Texas, Inc. ("ACCT"), and Gavin was an ACCT employee. Gavin sued Froeschner and Evans for intentional infliction of

emotional distress, tortious interference with contract, and slander related to her employment with ACCT. Froeschner and Evans filed a traditional motion for summary judgment on all of Gavin's claims. The trial court granted summary judgment and rendered a take-nothing judgment against Gavin. We affirm.

## Background

Froeschner and Evans both volunteered for several years at ACCT, a non-profit organization that provides community-based education and support services for people living with HIV and AIDS in Galveston, Chambers, and Matagorda counties. They both also volunteered at a second non-profit, Galveston AIDS Foundation, Inc. ("GAF") for many years. Over the years, Froeschner and Evans served ACCT and GAF in various capacities. For example, both were on the ACCT and GAF boards of directors, and Evans served as the Secretary of ACCT. Neither received compensation from either organization.

For approximately eight years, Gavin was an at-will employee of ACCT, and her job duties included client services, office management, and public relations responsibilities. Gavin alleged that Froeschner and Evans created a hostile working environment starting in September 2008. In November 2010, Gavin submitted a grievance against Froeschner. The grievance included allegations that Froeschner and the GAF board of directors repeatedly commented that Gavin should be fired, that Froeschner would stand in Gavin's office while she was on the

phone and silently wait until Gavin finished the call, that Froeschner commented on the amount of time Gavin took off, that Froeschner would occasionally refuse to speak while in the ACCT office, that Froeschner expected Gavin to help prepare Thursday client lunches, that board members were frequently rude to ACCT staff, that Froeschner did not answer questions about future organization events, that Froeschner edited an event flyer drafted by Gavin, that Froeschner passed off Gavin's ideas as her own, and that Froeschner never says "thank you."

After Gavin submitted the grievance, the ACCT board investigated her complaints, interviewed the persons involved, and reduced its findings to writing. In part, the ACCT board recommended "that all parties to this Grievance seek to resolve the hurt feelings and mis-understandings [sic] that are at the core of the perceived problems." Should such efforts be unsuccessful, the ACCT board further recommended mediation intended to "reach an understanding of what has brought on these events, how their perceptions have affected the working environment and how behaviors and interactions need to change so as [to] promote the best interests of [ACCT] and its Clients."

Notwithstanding such recommendations, Gavin alleges that Froeschner and Evans continued to subject her to conduct similar to that complained of in her November 2010 grievance, and that their conduct got worse. In addition,

3

Froeschner complained about a decision by the ACCT board to give Gavin a Christmas 2010 bonus. Ultimately, in May 2012, Gavin voluntarily resigned.

In February 2013, Gavin filed suit against Froeschner and Evans for intentional infliction of emotional distress, tortious interference with contract, and slander. Froeschner and Evans each answered and raised the affirmative defense of charitable immunity under the Texas Charitable Immunity and Liability Act. Froeschner and Evans later moved for traditional summary judgment on multiple grounds. Without specifying the grounds for doing so, the trial court granted summary judgment in favor of Froeschner and Evans. Gavin appealed.

## Issues Presented

Gavin raises the following three issues on appeal:

1. Did the trial court err in dismissing Gavin's claims for intentional infliction of emotional distress, tortious interference with contractual relations, and slander by summary judgment?

2. Did the trial court err in finding that Froeschner and Evans are immune from liability pursuant to the Charitable Immunity and Liability Act?

3. Did the trial court err in granting Froeschner and Evans's motion for summary judgment?

## Summary Judgment

### A. Standard of Review

We review the trial court's decision to grant or deny a traditional motion for summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862

4

(Tex. 2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). We will consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in favor of the nonmovant. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam).

When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that (1) no genuine issue of material fact exists and (2) the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life and Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003) (citing *Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001)). "A party moving for summary judgment must establish its right to summary judgment on the issues expressly presented to the trial court by conclusively proving all elements of its cause of action or defense as a matter of law." *Elliot-Williams Co., Inc. v. Diaz*, 9 S.W.3d 801, 803 (Tex. 1999) (citations omitted). A movant conclusively establishes a matter when reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

When the movant urges multiple grounds for summary judgment and the order does not specify which was relied upon to render the summary judgment, the appellant must negate all grounds on appeal. *McCoy v. Rogers*, 240 S.W.3d 267, 271 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Ellis v. Precision Engine Rebuilders, Inc.*, 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citing *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993)). "If summary judgment may have been rendered, properly or improperly, on a ground not challenged, the judgment must be affirmed." *Ellis*, 68 S.W.3d at 898 (citing *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied)).

## B. Charitable Immunity and Liability Act

In her second issue, Gavin contends that it would have been error for the trial court to grant summary judgment on the basis of immunity from liability under the Act because Froeschner and Evans's acts or omissions were intentional.

### 1. Applicable Law

The Texas Charitable Immunity and Liability Act limits the liability of charitable organizations and immunizes volunteers who meet certain conditions. TEX. CIV. PRAC. & REM. CODE ANN. §§ 84.001–.008. Under the Act, and subject to exceptions, "a volunteer of a charitable organization is immune from civil liability for any act or omission resulting in death, damage, or injury, if the

6

volunteer was acting in the course and scope of the volunteer's duties or functions, including as an officer, director, or trustee within the organization." TEX. CIV. PRAC. & REM. CODE ANN. § 84.004(a).

The Act defines "volunteer" to mean "a person rendering service for or on behalf of a charitable organization who does not receive compensation in excess of reimbursement for expenses incurred. The term includes a person serving as a director, officer, trustee, or direct service volunteer, including a volunteer health care provider." TEX. CIV. PRAC. & REM. CODE ANN. § 84.003(2). The Act defines "charitable organization" to include tax-exempt nonprofit corporations operated for charitable purposes or for the promotion of social welfare. TEX. CIV. PRAC. & REM. CODE ANN. § 84.003(1).

## 2. Analysis

In their motion for summary judgment, Froeschner and Evans argued that they are entitled to summary judgment on all Gavin's claims because they are immune from civil liability under the Act. The uncontested summary judgment evidence establishes that both ACCT and GAF are "charitable organizations" within the meaning of the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 84.003(1). It further establishes that both Froeschner and Evans were "volunteers" within the meaning of the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 84.003(2). According to their respective affidavits, Froeschner and Evans

7

only had contact with Gavin in connection with their service as volunteers of ACCT or GAF. As volunteers of a charitable organization acting within the course and scope of their duties as volunteers, Froeschner and Evans are immune from civil liability under the Act.

Gavin argues in her appellate brief that Froeschner and Evans are not entitled to immunity under the Act because their conduct was intentional. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 84.007(a) (limiting charitable immunity to exclude acts or omissions that are intentional, willfully negligent, or done with conscious indifference or reckless disregard for safety of others). In response, Froeschner and Evans assert that Gavin waived the argument that they are not entitled to immunity because their acts were intentional by not presenting it to the trial court.

Any issues that would defeat the motion for summary judgment must be presented by the nonmovant in her written response or answer. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993). Issues not expressly presented to the trial court in a written response shall not be considered as grounds for reversal. TEX. R. CIV. P. 166a(c); *Dubose v. Worker's Med. P.A.*, 117 S.W.3d 916, 920 ((Tex. App.—Houston [14th Dist.] 2003, no. pet.). If a party fails to present issues to defeat summary judgment in the trial court, those issues

are waived on appeal. *Kay v. Harris County Mun. Util. Dist. No. 9*, 866 S.W.2d 791, 794 (Tex. App.—Houston [14th Dist.] 1993, no writ).

In her response to the motion for summary judgment, Gavin argued that Froeschner and Evans were not entitled to immunity under the Act because their conduct was not undertaken in the "course and scope" of their volunteer work for ACCT or GAF. Gavin's argument on appeal—that Froeschner and Evans are not entitled to immunity because their acts were intentional—was not presented to the trial court in a written response and thus cannot be considered as grounds for reversal. TEX. R. CIV. P. 166a(c); *Dubose*, 117 S.W.3d at 920. Thus, we conclude that Gavin waived her appellate argument that Froeschner and Evans are not entitled to immunity under the Act because their acts or omissions were intentional. *See Dubose*, 117 S.W.3d at 920.

Summary judgment "may have been rendered, properly or improperly," on the ground that the conduct complained of occurred in the course and scope of Froeschner's and Evans's duties as volunteers with a charitable organization. *See Ellis*, 68 S.W.3d at 898. Because Gavin does not challenge this ground on appeal, we must affirm the trial court's judgment. *See id.*

We overrule Gavin's second issue, thereby obviating consideration of her first and third issues.

## Conclusion

We affirm the trial court's judgment.


Rebeca Huddle
Justice

Panel consists of Justices Higley, Huddle, and Lloyd.